Submitted on briefs June 1, affirmed November 27, 1979

DWORETT,
*Appellant,*
*v.*
DEPARTMENT OF REVENUE,
*Respondent.*

(No. 1255, SC 26017)

602 P2d 1071

Robert Lohman, West Linn, for appellant.

Ted E. Barbera, Assistant Attorney General, and James A. Redden, Attorney, General, Salem, for respondent.

DENECKE, C. J.

## DENECKE, C. J.

Plaintiff, Robert Lohman, in some capacity representing his mother's estate, appealed to the Department of Revenue from a notice of Proposed Inheritance Tax Deficiency received by his mother's estate. The deficiency was assessed because of a determination that Robert Lohman's wife, Harriet, received an interest in some securities because of plaintiff's mother's death. It is not stated in the record; however, we assume that an additional tax was proposed when it was determined that Harriet received an interest because Harriet was the mother's daughter-in-law. At the time of the mother's death the statutes provided that an additional tax is imposed when an interest passes to one in that relationship rather than to a child, such as plaintiff. 1975 ORS 118.100(2) (since repealed). The Department and the Tax Court held against plaintiff and he appealed to this court. We affirm.

The stipulation of facts states that some years before the mother's death the plaintiff purchased stocks and bonds for his mother and all the funds were supplied by the mother. At the suggestion of plaintiff, an attorney, "The stocks and bonds were registered in the names of the decedent [mother], Robert Lohman and Harriet Lohman as joint tenants with the right of survivorship." This was done for the purpose of avoiding probate of the mother's estate if she should predecease plaintiff and for the purpose of avoiding probate of plaintiff's estate if he should then predecease his wife.

ORS 118.010(2)(a) provided at the time of decedent's death:

"Except to property held by a decedent and the surviving spouse, property held in the joint names of two or more persons, or deposited in banks or other institutions or depositories in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving joint tenant or tenants, person or persons to

[117]

the immediate ownership or possession and enjoyment of such property shall be deemed a taxable transfer in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased joint tenant or depositor and had been devised or bequeathed to the surviving joint tenant or tenants, person or persons, excepting therefrom such parts thereof as may be shown to have originally belonged to such surviving joint tenant or person, and never to have been acquired from the decedent for less than a fair consideration in money or money's worth, and if the property has been acquired from decedent for less than such fair consideration, there shall be excepted from the value of the property a portion equal to the amount of the consideration so furnished."

Under this statute it is clear that when securities are registered in the names of three persons as joint tenants with the right of survivorship, at the death of one, the remaining two survivors each has a right to immediate ownership of half the securities and this is a taxable transfer. Plaintiff does not contest this proposition. Plaintiff's position is that the registration of the securities in the three names as joint tenants with the right of survivorship is not controlling, rather the intent of the decedent is controlling. It was stipulated that it was the mother's intent "that plaintiff be the sole object of her bounty" and "Although plaintiff's wife, Harriet Lohman, was aware of the manner in which the stocks and bonds were registered, she did not intend to benefit thereby should the decedent predecease the plaintiff."

The fallacy in plaintiff's argument is that when one drafts a legal document in words and phrases that are unambiguous and necessarily bring about a certain legal result, the tax consequences of the use of those words and phrases cannot be changed by proving that was not the result intended by the parties. For example, if the mother in this case died leaving a will which bequeathed the securities to Robert and Harriet Lohman, share and share alike, Harriet Lohman

would have the right to one-half of the securities despite any stipulated intent to the contrary. A tax would have to be paid at the rate assessed on a bequest to a daughter-in-law.

That Harriet Lohman may not desire to take her half of the securities because her mother-in-law intended all the securities to pass to Robert does not prevent the imposition of the additional tax. The tax is imposed upon the right to receive the interest, not the actual receipt. *In re Inman's Estate,* 101 Or 182, 198, 199 P 615, 620, 16 ALR 675 (1921).

Affirmed.